Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. STE 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 861-1390
rlee@consumerlawcenter.com
Attorney for Plaintiff,
Tim Matthews

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| Tim Matthews | **Case No.: CV 10-8168-PCT-ECV** |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Thunderbird Collection Specialties, Inc., | |
| Defendant. | |

Plaintiff, Tim Matthews ("Plaintiff") hereby files this Memorandum of Law in support of his Response in Opposition to Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P 41(b) and Fed.R.Civ.P 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

On January 27, 2010, Plaintiff, Tim Matthews ("Plaintiff"), filed his Verified Complaint against TCS, Inc. in matter # **10-CV-8022-PCT-PGR** in this Court. *See* Doc. 1.  On August 27, 2010, pursuant to Fed.R.Civ.P 12(b)(4) and (5) and Fed.R.Civ.P 4(m), Defendant TCS, Inc., filed its Motion to Dismiss for Failure of Service and Improper Defendant. *See* Doc. 21 and ***Exhibit A*** attached hereto.  On September 1, 2010, the court entered an Order granting Defendant's Motion to Dismiss. *See* Doc. 23.  On September 1, 2010, pursuant to the court's

Order granting of September 1, 2010, granting Defendant's Motion to Dismiss, the Clerk entered judgment in favor of Defendant. *See* Doc. 23.

On September 8, 2010, Plaintiff, Tim Matthews ("Plaintiff"), field his Verified Complaint against Defendant Thunderbird Collection Specialties, Inc., in the instant matter. *See* Doc. 1. On September 28, 2010, Plaintiff served Defendant Thunderbird Collection Specialties, Inc. *See* Doc. 6. On October 19, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P 41(b) and Fed.R.Civ.P 12(b)(6). Defendant moves this Honorable Court for dismissal based upon the erroneous position that the Plaintiff, Tim Matthews, filed an identical action against the Defendant in this Court, in matter # **10-CV-8022-PCT-PGR** (erroneously cited by Defendant as CV10-0822), which matter terminated when judgment was entered in favor of the Defendant. For the reasons discussed below, Defendant is incorrect in its legal and factual analysis and this Honorable Court should deny Defendant's motion.

## II.   ARGUMENT

### A.   LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

In the instant matter, Defendant moves for dismissal pursuant to Rule 41(b) erroneously arguing that because the dismissal of action in matter # **10-CV-8022-PCT-PGR** was not voluntary, and judgment was entered in favor or the defendant and against the Plaintiff, and

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  Plaintiff has not filed a timely appeal, somehow that operates as an adjudication on the merits,

2  and thus Plaintiff is barred from filing his Complaint against Defendant Thunderbird Collection

3  Specialties, Inc.

4       In *Costello v. U. S.*, 365 U.S. 265, 285-86, 81 S. Ct. 534, 545, 5 L. Ed. 2d 551 (1961), the

5  U.S. Supreme Court stated:

> We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b) In arguing contra, the petitioner relies on cases which hold that a judgment of denaturalization resulting from a proceeding in which the affidavit of good cause was not filed is not open to collateral attack on that ground. Title v. United States, 9 Cir., 263 F.2d 28; United States v. Failla, D.C., 164 F.Supp. 307. We think that petitioner misconceives the scope of this exception from the dismissals under Rule 41(b) which operate as adjudications on the merits unless the court specifies otherwise. It is too narrow a reading of the exception **545 to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. <u>We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim</u>. Failure to file the affidavit of good cause in a denaturalization proceeding falls within this category. United States v. Zucca, supra; Costello v. United States, 356 U.S. 256, 78 S.Ct. 714, 2 L.Ed.2d 741.

     As indicated and evidenced by Defendant's Motion to Dismiss in matter # **10-CV-8022-PCT-PGR**, the Motion was filed pursuant to Fed.R.Civ.P 12(b)(4) and (5) and 4(m), which are the only bases on which the court in that matter granted Defendant's Motion. **See** Docs. 21, 23, and **Exhibit A** attached hereto.  However, the dismissal order entered in matter # **10-CV-8022-PCT-PGR** did not state that the matter was dismissed with prejudice and although Rule 41(b) states in part, 'any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits',

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

given the legal standard of review in *Costello* wherein the Court regards the exception under Rule 41(b) as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim, clearly then Plaintiff's failure to properly name and serve the Defendant must fall within the exceptions.

In matter # **10-CV-8022-PCT-PGR,** Defendant filed its Motion to Dismiss for Failure of Service and Improper Defendant, pursuant to Fed.R.Civ.P 12(b)(4) and (5).

Rules 12(b) of the Federal Rules of Civil Procedure in relevant part provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.

The record in matter # **10-CV-8022-PCT-PGR** is clearly devoid of any other grounds, except Rule 12(b)(4) and (5), for dismissal of Plaintiff's Verified Complaint.  Plaintiff requests that this Court take judicial notice of the docket and records in matter # **10-CV-8022-PCT-PGR**. Given that the enumerated exceptions to dismissals under Rule 41(b) include lack of jurisdiction, improper venue, or failure to join a party and the rule in *Costello* that exception under Rule 41(b) as encompassing those dismissals which are based on a plaintiff's failure to comply with a

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

precondition requisite to the Court's going forward to determine the merits of his substantive claim, the dismissal order in matter # **10-CV-8022-PCT-PGR**, did not operate as an adjudication on the merits.  Further, inclusion of the grounds for dismissal such as lack of jurisdiction, improper service, and failure to join a party within Rule 12(b) is further proof and indication that Rule 41(b)'s purpose was not to change the common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition.  Here, naming and serving the correct Defendant in matter # **10-CV-8022-PCT-PGR** was naturally a pre-condition to the court's going forward to determine the merits of Plaintiff's substantive claims, and noticeably, Defendant's Motion to Dismiss in that matter did not attack the merits of Plaintiff's allegations but solely claimed insufficient service of process.

Further, in *Costello v. U. S.*, 365 U.S. 265, 285-86, 81 S. Ct. 534, 545, 5 L. Ed. 2d 551 (1961), the U.S. Supreme Court stated:

> At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In Haldeman v. United States, 91 U.S. 584, 585-586, 23 L.Ed. 433, which concerned a voluntary nonsuit, this Court said, 'there must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. * * * There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively.' A similar view applied to many dismissals on the motion of a defendant. In Hughes v. United States, 4 Wall. 232, 237, 18 L.Ed. 303, it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. <u>If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.</u>' See also House v. Mullen, 22 Wall. 42, 46, 22 L.Ed. 838; Swift v. McPherson, 232 U.S. 51, 56, 34 S.Ct. 239, 241, 58 L.Ed. 499; St. Romes v. Levee Steam Cotton Press Co., 127 U.S. 614, 619, 8 S.Ct. 1335, 1338, 32 L.Ed. 289; Burgett v. United States, 7 Cir., 80

F.2d 151, 104 A.L.R. 167; Gardner v. United States, 9 Cir., 71 F.2d 63.

Here, the merits were not addressed in Defendant's Motion to Dismiss in matter # **10-CV-8022-PCT-PGR**.  The Motion to Dismiss, which was subsequently granted by the court, was solely based on improper service and wrong name of defendant.  Therefore, given the legal standard in *Costello* above, if the first suit (in this case matter # **10-CV-8022-PCT-PGR**) was dismissed for defect of pleadings, or parties (applicable here), or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, <u>the judgment rendered will prove no bar to another suit</u>. Thus, the Clerk's judgment entered in matter # **10-CV-8022-PCT-PGR** is not a bar to the instant action. Accordingly, Defendant's Motion to Dismiss should be denied.

Furthermore, in matter # **10-CV-8022-PCT-PGR,** Defendant filed its Motion to Dismiss for Failure of Service and Improper Defendant, pursuant to Fed.R.Civ.P 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — <u>must dismiss the action without prejudice</u> against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Clearly, as enumerated by Rule 4(m), dismissal under this Rule is without prejudice and hence Plaintiff is not barred from filing the complaint against the proper Defendant Thunderbird Collection Specialties, Inc.

//

//

- 6 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Rules 12(b)(6) of the Federal Rules of Civil Procedure in relevant part provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (5) failure to state a claim upon which relief can be granted;

Here, in a conclusory manner, Defendant moves for dismissal pursuant to Rule 12(b)(6), yet fails to mention, let alone articulate, any grounds or arguments whatsoever in support of its Motion.

"In a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted.  In considering a motion to dismiss a pleading, a complaint must be construed on the assumption that all of its allegations are true, even if doubtful in fact. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.*

Given the legal standard of review above, Plaintiff has pleaded sufficient factual allegations to state a claim against Defendant under the federal FDCPA.  Defendant has failed to meet its burden in the present matter.  Plaintiff's Complaint clearly and effectively informs the Defendant of the conduct to which Plaintiff complains of as well as clearly and concisely informs the Defendant under what legal theories Plaintiff seeks relief.  Accordingly, Defendant's Motion to Dismiss should be denied

Furthermore, in the instant matter, Plaintiff has named and served the 'correct' Defendant and hence cured any defect of parties in his original pleading in matter # **10-CV-8022-PCT-PGR**.  However, Defendant via its instant motion is attempting to be the 'correct' party at its convenience as Defendant moved for dismissal in matter # **10-CV-8022-PCT-PGR** claiming

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

that Plaintiff had named an 'incorrect' party even though Defendant was on constructive notice of the lawsuit given the history of contacts between the parties' counsel, and via service, 'albeit technically 'deficient', on its employee.  And in the instant matter, Defendant is again moving for dismissal on the erroneous claim that Defendant has already litigated and secured in its favor – an adjudication on the merits in matter # **10-CV-8022-PCT-PGR**, although the same Defendant denied being the 'correct' party in that matter.

### III.   CONCLUSION

Defendant is misguided in both its interpretation and requirements of Fed.R.Civ.P 41(b) pertaining to the court's order regarding dismissal in matter # **10-CV-8022-PCT-PGR** as well as Fed.R.Civ.P 12(b)(6) pertaining to the pleading requirements placed upon Plaintiff in the present matter.  Accordingly, Defendant's Motion to Dismiss should be denied.

                                                       RESPECTFULLY SUBMITTED,

Dated: November 1, 2010                     By:<u>/s/Ryan Lee</u>
                                                              Ryan Lee, Esq.
                                                              KROHN & MOSS, LTD.
                                                              Attorneys for Plaintiff,
                                                              Tim Matthews

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**EXHIBIT A**

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I, Ryan Lee, hereby certify that a copy of the foregoing **1) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss** was sent via the Court's ECF system to:

**Victoria Lea Orze**
Hinshaw & Culbertson LLP
3200 N Central Ave
Ste 800
Phoenix, AZ 85012-2428
602-631-4400
Fax: 602-631-4404
Email: vorze@hinshawlaw.com

| | |
|---|---|
| Dated: November 1, 2010 | By: /s/Ryan Lee |
| | Ryan Lee, Esq. |
| | KROHN & MOSS, LTD. |
| | Attorneys for Plaintiff, |
| | Tim Matthews |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS